IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC RIVERA,
    Petitioner,

v.                                              Case No. 3:25cv270/TKW/MAL

WARDEN SAULSBERRY,
    Respondent.
_____/

# REPORT AND RECOMMENDATION

Petitioner Eric Rivera, a federal prisoner proceeding pro se, initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 dated March 13, 2025. ECF No. 2. He claims the Bureau of Prisons (BOP) failed to properly calculate and apply sentencing credits he earned under the First Step Act (FSA), and he requested "immediate release or placement into community confinement." *Id.* at 3. He also sought declaratory relief that the BOP had violated his constitutional rights and statutory protections, and an "emergency ruling." *Id.* Finally he asked that the administrative exhaustion requirement be waived. *Id.*

The Warden argues that the petition is subject to dismissal for failure to exhaust administrative remedies. ECF No. 8 at 3-4. The Warden also argues that the petition should be denied on the merits. ECF No. 8 at 12-13, 16-17.

I.     **Rivera's petition should be dismissed for failure to exhaust**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert or choose to waive. *Id.* The Warden has asserted the defense in this case.

The BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system that begins with a request for informal resolution, followed by a full, formal appeal procedure consisting of three steps: filing a BP-9 with the Warden, a BP-10 with the Regional Director, and a BP-11 to the Central Office. *See* 28 C.F.R. §§ 542.10-542.19. If an inmate does not receive a response within the time allotted for reply at any level, including extensions, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process, which requires compliance with the prison's deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Blevins v. FCI Hazelton Warden,* 819 F. App'x 853, 856 (11th Cir. 2020).

Exhaustion of administrative remedies is not merely a gratuitous hurdle imposed to inconvenience litigants. Rather, as recognized by the Supreme Court, it serves important purposes. First, it "protects administrative agency authority," giving an agency the "opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. at 89 (quotations and citation omitted). Second, it promotes efficiency because claims can sometimes be resolved at the agency level, obviating the need to proceed to federal court. *Id.* "And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration." *Id.* (citation omitted).

In this case, the Warden submitted uncontroverted evidence that Rivera has never filed an administrative remedy request on any subject since he has been incarcerated. ECF No. 8-1 at 7 (Declaration of Priscilla Vasquez, Paralegal Specialist, Southeast Regional Office); ECF No. 8-1 at 8 (Administrative Remedy Generalize Retrieval for Inmate Reg. No. 85880-479, which corresponds to Petitioner Rivera). Rivera does not contest his failure to exhaust. Instead, he makes the conclusory assertion in his initial petition that exhaustion is "futile" because he is past his placement date.

The fact that Rivera believed he was past his placement date does not render the administrative remedy process futile. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir.1985)). In this case, the administrative remedy process was perfectly capable of providing a remedy to Rivera to either correct the BOP's FSA calculations (if they were in error) or provide an explanation of the reasons for denying relief. Based on Rivera's failure to exhaust his administrative remedies, his petition should be dismissed.

## II.   Rivera's petition should be denied on the merits

To begin with, Rivera has shown no error in the BOP's calculation of his FSA time credits, which is provided in the FSA Time Credit Assessment attached to the Warden's answer. ECF No. 8-1 at 10-11. Instead, Rivera bases his claims on an alternative FSA calculation, but his alternative FSA calculation is patently wrong.

On his 24-month sentence imposed on April 30, 2024, Rivera calculates he will be required to serve 20 months after receiving credit for good conduct time and credit for time served. ECF No. 2 at 2, ¶ III.2. His first calculation error is that he

uses the full 20 months to calculate his FSA credits, without regard to whether he "successfully complete[d] evidence-based recidivism reduction programming or productive activities" during that period as required by statute. 18 U.S.C. § 3632(d)(4)(A), *see also Dunlap v. Warden FMC Devens,* No. 24-CV-11462-RGS, 2024 WL 5285006, at *8, *10 (D. Mass. Dec. 13, 2024)*, report and recommendation adopted,* No. CV 24-11462-RGS, 2025 WL 35248 (D. Mass. Jan. 6, 2025) (denial of credits for periods when the inmate was unable to participate in programing is consistent with the plain meaning of the FSA). Rivera is not entitled to receive FSA credits during periods he did not successfully complete required programming or activities.

Rivera's second calculation mistake is that he fails to consider that early release due to FSA credits means he does not have a full 20 months to earn FSA credits. For example, if Rivera is earning the maximum 15 days of FSA credits each month as he claims, after 2 months he would earn 30 days of credit toward early release, thereby reducing to 19 months the remaining time left to earn credits. Thus, his calculation based on earning credits for a full 20 months inflates the number of credits he can potentially earn.

In addition to finding no error in the BOP's calculations, to the extent Rivera claims this court can order his placement in prerelease custody, Rivera is wrong. The

court does not have the authority to direct the BOP to immediately transfer a prisoner to prerelease custody under the FSA or Second Chance Act. *Hutson v. Pistro*, No. 4:24cv464/RH/MAL, 2025 WL 2048360, at *1 (N.D. Fla. Jul. 21, 2025); *Fargesen v. Warden FCI Pensacola*, No. 3:25cv1018/MW/MAL, 2025 WL 2414637 (N.D. Fla. July 30, 2025), *report and recommendation adopted,* 2025 WL 2411753 (N.D. Fla. Aug. 20, 2025); *Varner v. Gabby*, No. 5:24cv266/TKW/MAL 2025 WL 2588504 (N.D. Fla. Aug. 21, 2025), *report and recommendation adopted*, 2025 WL 2577925 (N.D. Fla. Sept. 5, 2025). The BOP's designation of a place of imprisonment, which includes transfers to prerelease custody, is a discretionary decision that "is not reviewable by any court." 18 U.S.C. § 3621(b).

Accordingly, it is respectfully RECOMMENDED:

1. Rivera's petition under 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED** for failure to exhaust administrative remedies and alternatively **DENIED** on the merits

2. The clerk be directed to close the case file.

DONE on September 25, 2025.

s/ *Midori A. Lowry*  
Midori A. Lowry  
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

The case was referred to a United States Magistrate Judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.